```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHELLE YEARWOOD,

                Petitioner,                    MEMORANDUM AND ORDER
                                                 18-MC-1835 (KAM)
     -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

Petitioner Michelle Yearwood, proceeding *pro se*, moves to expunge or seal her 2007 conviction for importing cocaine into the United States. (ECF No. 1 ("Pet.").)  Because the court lacks jurisdiction to grant the relief requested by Petitioner, the motion must be denied.

## BACKGROUND

On December 3, 2007, Petitioner pleaded guilty before the Honorable Sandra L. Townes to count one of an indictment, charging Petitioner with importing 500 grams or more of cocaine into the United States in violation of 21 U.S.C. §§ 952 and 960. (Dkt. No. 07-CR-739, ECF No. 18.)  On May 22, 2009, Judge Townes sentenced Petitioner to twenty months of incarceration followed by three years of supervised release. (*Id.*, ECF No. 26.)

Petitioner filed this action on July 9, 2018, seeking to expunge or seal her 2007 conviction. (Pet. at 1.)  Petitioner argues that she is "sorry and would like to continue with my life

1

without this mistake continuing to follow me in my personal life, housing[,] and children." (*Id.* at 2.) After the government responded in opposition (ECF No. 3 ("Gov't's Opp'n")), Petitioner moved for an extension of time to file a reply. (ECF No. 4.) The court granted Petitioner's motion for an extension of time, permitting her to file a reply by July 18, 2022. (6/27/22 Minute Order.) To date, Petitioner has not filed a reply or moved for a further extension of time, despite being served with the government's opposition and the court's June 27, 2022 order. (ECF No. 5.) Accordingly, the court considers Petitioner's motion to expunge to be fully submitted.

## DISCUSSION

In *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016), the Second Circuit held that "[f]ederal district courts lack subject matter jurisdiction to expunge lawful convictions, except in limited circumstances provided for by statute, and cannot exercise ancillary jurisdiction to do so." *Cicero v. United States*, 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021) (citing *Doe*, 833 F.3d at 196-97).[1] "Following *Doe*, 'district courts have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction

---

[1] As the government notes (Gov't's Opp'n at 2 n.1), courts use the terms "expunge" and "seal" interchangeably and "apply the same standard in analyzing motions to seal and motions to expunge criminal records." *Cicero*, 2021 WL 2075715, at *1 n.2.

2

record unless specifically authorized by Congress.'" *United States v. Hernandez*, 2022 WL 3369596, at *1 (S.D.N.Y. Aug. 16, 2022) (collecting cases). Here, the Second Circuit's decision in *Doe* mandates the denial of Petitioner's motion for lack of jurisdiction.

First, Petitioner does not challenge the validity of her conviction or otherwise establish the court's subject matter jurisdiction. As the Second Circuit explained in *Doe*, "[t]he relevant Rules of Criminal Procedure all provide for limited jurisdiction over specified types of post-judgment motions." 833 F.3d at 196. "None of these rules remotely suggests, however, that district courts retain jurisdiction over *any* type of motion years after a criminal case has concluded," such as the instant motion to expunge. *Id.* In addition, Petitioner fails to point to any statute that authorizes the court to expunge her 2007 conviction for importing cocaine.[2] Accordingly, because Petitioner "does not challenge the validity of [her] conviction" and fails to "point to any statutory exception that would confer jurisdiction," the court lacks subject matter jurisdiction over her petition. *Cicero*, 2021 WL 2075715, at *2; *see also, e.g., Agudelo v. United*

---

[2] For example, Congress has authorized expungement for individuals who were sentenced to pre-judgment probation for simple possession of a controlled substance under 21 U.S.C. § 844 and who were less than twenty-one years old at the time of the offense. *See* 18 U.S.C. § 3607(c). This provision does not apply to Petitioner, who was sentenced to a term of incarceration for importing cocaine in violation of 21 U.S.C. §§ 952 and 960.

3

*States*, 2022 WL 541603, at *1 (E.D.N.Y. Feb. 23, 2022); *Belardo v. United States*, 2021 WL 4972495, at *1 (E.D.N.Y. Oct. 26, 2021).

Second, "the ancillary jurisdiction of federal district courts does not extent to motions to expunge the record of a valid, completed conviction, like the conviction at issue here." *Smalls v. United States*, 2022 WL 2441741 (E.D.N.Y. June 6, 2022), *report and recommendation adopted*, 2022 WL 2441573 (E.D.N.Y. July 5, 2022). Where, as here, "[t]he District Court's sentence had long ago concluded and its decrees long since expired by the time [Petitioner] filed her motion . . . expunging a record of conviction on equitable grounds is entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees." *Doe*, 833 F.3d at 198 (quotations and citation omitted). Accordingly, because the court's ancillary jurisdiction "does not extend to petitions to seal or expunge a criminal conviction on equitable grounds," Petitioner's motion must be denied. *Agudelo*, 2022 WL 541603, at *1.

In sum, although Petitioner "has provided equitable reasons for expunging her record of conviction, these reasons – no matter how compelling they might be – do not confer . . . jurisdiction over [P]etitioner's motion." *Smalls*, 2022 WL 2441741, at *2. "As the Second Circuit observed in *Doe*, Congress may well decide to grant expungement for offenders 'who . . . want and deserve to have their criminal convictions expunged after a

4

period of successful rehabilitation.'" *Belardo*, 2021 WL 4972495, at *2 (quoting *Doe*, 833 F.3d at 199). "Until that time, however, federal courts are not empowered to provide this relief, no matter how well deserved it may be." *Id.*[3]

## CONCLUSION

For the reasons set forth above, Petitioner's motion to expunge or seal her conviction is denied without prejudice for lack of jurisdiction. The court certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this memorandum and order on Petitioner, note service on the docket, and close this case.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         September 30, 2022

---

[3] As Judge Chen and Judge Donnelly have explained in the context of similar petitions, Petitioner may be able to take advantage of protections under state and local law. *See Belardo*, 2021 WL 4972495, at *2; *United States v. King*, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017). "For example, New York State law prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction, unless there is a 'direct relationship' between the offense and the employment sought, or granting employment would involve 'unreasonable risk.'" *Belardo*, 2021 WL 4972495, at *2 (quoting N.Y. Corr. Law §§ 752-53). In addition, "New York City law prohibits employers from asking about an applicant's criminal history before making a conditional offer of employment." *Id.* (quoting N.Y.C. Admin. Code § 8-107(11-a)).

5